# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| VINCENT J. BEATON, ) | |
| #196947, ) | |
| ) | CIVIL ACTION NO. 9:13-2336-RMG-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| MICHAEL MCCALL, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on August 26, 2013.[1] On December 16, 2013, Petitioner filed a motion for summary judgment. The Respondent filed a return and motion for summary judgment on January 6, 2014. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 7, 2014, advising Petitioner of the importance of Respondent's motion and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner filed a memorandum in opposition to the Respondent's motion for summary judgment on February 11, 2014.

This matter is now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in June 2005 in Charleston County for murder. [Indictment No. 05-GS-10-3949]. (R.pp. 602-604). Petitioner was represented by Jason King, Esquire, and Karen Barker, Esquire, and after a trial by jury on January 29-31, 2007, was found guilty as charged.[3] (R.pp. 1-535). Petitioner was sentenced to forty (40) years imprisonment. (R.p. 552).

Petitioner filed a timely appeal in which he was represented by Robert M. Dudek, Deputy Chief Appellate Defender with the South Carolina Office of Appellate Defense. Petitioner's counsel filed an Anders[4] brief seeking to be relieved as counsel and raising the following issue in his direct appeal:

> Whether the court erred by ruling that the probative value of testimony appellant was in possession of a .38 revolver a month before the incident in this case was not substantially outweighed by its danger of unfair prejudice, confusion of the issues, or misleading the jury under Rule 403, SCRE, since the jury was going to assume the possession of that weapon was illegal, and evidence of this bad act was therefore prejudicial?

See Court Docket No. 31-6, p. 4.

In his pro se response to the Anders brief, Petitioner also raised the following additional issues:

> In this Final Brief Am be sure 4.30.2008 document is understood to the fullest. Double jeopardy is ground asking for sentence to be vacated. On November of 2006 a mistrial took place and January of 2007 a second trial took place Double Jeopardy.
>
> Judge instruct jury to come back with an unanimous decision at second trial.

---

[3] Petitioner had a prior trial that had resulted in a mistrial due to a hung jury. (R.pp. 572, 580).

[4] Anders v. California, 386 U.S. 738 (1967). Anders requires appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744.



2

> I am asking for sentence to be vacated, do to violation of right double jeopardy. Summary judgment for $1,000.000.00 per suit wrongful conviction and unfair treatment for me not to pursue judicial error and use of authority. I, Vincent Jerod Beaton 196947 plea this before the Courts accorden to my rights amend me by U.S. Constitution.

See Court Docket No. 31-8.

On February 24, 2009, the South Carolina Court of Appeals filed an opinion affirming the conviction and sentence. State v. Beaton, No. 2009-UP-097 (S.C.Ct.App. filed Feb. 24, 2009). See Court Docket No. 31-9. The Remittitur was sent down on March 12, 2009. See Court Docket No. 31-10. Petitioner apparently filed a motion for rehearing, which was deemed to be untimely. See Court Docket No. 31-11.

On October 19, 2009, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court; Beaton v. State of South Carolina, 09-CP-10-6618; in which he raised the following issues:

1. Prosecutor's Misconduct "Faulty Warrant";

2. Faulty Indictment. "Failure of Competency Hearing";

3. Failure to Attend Preliminary Hearing; Identification Clause.

(R.p. 557).

On June 2, 2010, an evidentiary hearing was held on Petitioner's APCR at which Petitioner was present and represented by Charles T. Brooks, III, Esquire. (R.pp. 568-587). At the hearing, Petitioner raised the following additional issue:

Ineffective Assistance of Counsel for failure to get the trial set sooner.

(R.pp. 572, 575-576, 589).

On June 21, 2010, the PCR court entered a written order denying the petition in its



entirety. (R.pp. 588-593).

After Petitioner's counsel failed to timely serve and file an appeal, a consent order was issued on December 2, 2010, allowing for a belated appeal via <u>Austin</u>[5] review. (R.pp. 600-601). Petitioner was then represented on appeal by Wanda H. Carter, Deputy Chief Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a brief pursuant to <u>Austin</u> raising the following issue:

> Trial counsel erred in failing to encourage petitioner to accept the state's twenty-year plea offer, which was less than the forty-year sentence handed down to him at trial, because the plea offer was a favorable deal, especially where the state's case consisted of two eye witnesses who saw petitioner shoot the deceased, and another witness who stated that petitioner confessed to the shooting, and witnesses who would reveal petitioner's motive for the shooting as well.

<u>See</u> Court Docket No. 31-14, p. 3.

On July 8, 2013, the South Carolina Court of Appeals granted the petition for an <u>Austin</u> review, proceeded with an <u>Austin</u> review, and denied the petition. <u>See</u> Order Denying Certiorari in Appellate Case #2010-180275 (Court Docket No. 31-16). The Remittitur was issued on July 24, 2013. <u>See</u> Court Docket No. 31-17.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

> **Ground One**: Petitioner after a mistrial was subjected twice as violating his 5th Amend Right, to Double Jeopardy of Life and liberty.
>
> **Ground Two:** Petitioner (6th) (5th) & (14th) Amend was violated as prejudice testimony was admitted of an .38 revolver; misleading jury.
>
> **Ground Three:** Trial Judge abused his discretion in failure to aquit Petitioner of Identification violating his 5th, 6th & 14th Amend.

---

[5]<u>Austin v. State</u>, 409 S.E.2d 595 (S.C. 1991).

4



>    **Ground Four:** Petitioner raise ineffective assistance of trial counsel for failure to advise Petitioner of state offer of 20 yrs.

See Petition pp. 6-11.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

In Ground One of the Petition, Petitioner asserts that he was convicted in violation of the Double Jeopardy Clause of the Fifth Amendment because after his first trial ended in a mistrial when the jury could not reach a verdict; (R.pp. 572, 580); he was subjected to a second trial, which resulted in a conviction and sentence. Petitioner raised this issue in his pro se response to the Anders brief in his direct appeal, and it was considered and rejected by the South Carolina Court of Appeals. See Court Docket Nos. 31-8 and 31-9. The undersigned can discern no reversible error in the ruling of the State Court of Appeals.

The United States Supreme Court has "constantly adhered to the rule that a retrial



5

following a 'hung jury' does not violate the Double Jeopardy Clause." Richardson v. United States, 468 U.S. 317, 322-323 (1984)(citing Logan v. United States, 144 U.S. 263, 297-298 (1892)). The Supreme Court has further "recognize[d] that the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Id. at 325.  See also United States v. Capozzi, 723 F.3d 720, 727 (6th Cir. 2013)["[A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which [a defendant] was subjected."](quoting Richardson, 468 U.S. at 326)); Gilliam v. Foster, 75 F.3d 881, 914 (4th Cir. 1996)[Noting that reprosecution after a hung jury "would not implicate the interests that the Double Jeopardy Clause was historically designed to secure."] Accordingly, Petitioner has failed to establish that his conviction and sentencing in his second trial, after a hung jury verdict in his first trial, entitles him federal habeas relief. Richardson, 468 U.S. at 322-323.

In discussing this Ground, Petitioner also argues that he is entitled to relief because he was not tried within 180 days of being indicted. Although this is a completely different issue, Petitioner discusses this state 180 day rule throughout his discussion in each of his individual grounds for relief, and argues that this rule entitles him to relief under each respective ground. Petitioner's assertion is again without merit. First,

> [t]he order of the South Carolina Supreme court which orders that "all criminal cases in the State of South Carolina shall be disposed of within 180 days from the date of the defendants' arrest," absent an order of continuance, also declares that the "order does not create or define a right of a defendant to a speedy trial." See Johnson v. Rushton, No. 06-2544, 2008 WL 766338 at *18 n. 3 (D.S.C. Mar. 24, 2008).

Pope v. Cartledge, No. 10-1416, 2010 WL 6307019 at * 6 n. 6 (D.S.C. Dec. 15, 2010), adopted by, 2011 WL 1118875 (D.S.C. Mar. 24, 2011). Similarly, The South Carolina Supreme Court has also



expressly held that a similar provision in Rule 3, SCR CrimP, requiring Solicitors to take action on arrest warrants within a certain time period, is purely administrative and nonjurisdictional, and provides no benefit to a criminal defendant from its violation. See State v. Culbreath, 316 S.E.2d 681 (S.C. 1984)[discussing the predecessor to Rule 3 (C), SCR Crim P]. In any event, this issue is not even a cognizable issue in federal habeas corpus, as Petitioner is attempting to argue that the state court misapplied state law in his case, and "it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Petitioner's claim for relief on this ground also fails because he did not raise this issue in either his direct appeal or in his PCR proceedings.[6] Petitioner tries to circumvent this defect by arguing that this is a subject matter issue. It is not. Cf. Pope v. Cartledge, No. 10-1416, 2010 WL 6307019 at * * 4 & 6 (D.S.C. Dec. 15, 2010), adopted by, 2011 WL 1118875 (D.S.C. Mar. 24, 2011). Even if it was, the ability to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007). It is not for this Court to determine such issues of state law. Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; cf. Dew v. Pancake, No. 07-37, 2007 WL

---

[6]Petitioner did allege in his APCR testimony that his trial counsel was ineffective for failing to get his trial set sooner, but did not in doing so make any arguments relating to or reference the state 180 day rule. (R.pp. 575, 589). Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).



7

4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"].

Accordingly, Petitioner has failed to present any evidence of a federal violation sufficient to avoid summary judgment on this claim. Estelle, 502 U.S. at 67-68.

## II.

In Ground Two of his Petition, Petitioner contends that his constitutional rights were violated as a result of the admission of certain testimony regarding a .38 revolver. Petitioner's counsel objected to the admission of this evidence at trial; see (R.pp. 276-281); and this issue was also raised in Petitioner's direct appeal, where the South Carolina Court of Appeals denied relief. See Court Docket Nos. 31-6 & 31-9.

Although otherwise exhausted for purposes of federal review, this is an issue of state law and, as previously discussed, "[i]t is not the province of a federal habeas corpus court to re-examine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68 ["federal habeas corpus relief does not lie for errors of state law."] Federal courts must accord states deference in their determinations regarding evidence and procedure; cf Crane v. Kennedy, 476 U.S. 683, 690 (1986)["we have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see this evidence admitted"]; and even where a state court's admission of evidence was error under state law, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted),



cert. denied, 522 U.S. 1109 (1998).

Admissibility rulings will support the grant of federal habeas relief only when the alleged error infringes on a specific constitutional right or is so prejudicial that it amounts to the denial of due process. Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.), cert. denied, 488 U.S. 928 (1988). Hence, the issue before this federal court is not whether the trial court erred in admitting this evidence, but whether the admission resulted in a trial so fundamentally unfair as to deny the Petitioner due process of law. Rainer v. Dep't of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990), cert. denied, 489 U.S. 1099 (1991). The undersigned can find no such violation in the record of this case.

The State sought to introduce the testimony of Nathaniel Ravenell that he saw Petitioner with a .38 caliber revolver a month prior to the shooting, and that he saw Petitioner with a firearm the night of the shooting and it appeared to be the same one. (R.pp. 275-282). Petitioner's trial counsel objected under S.C.R. Evid. 404(b), but the trial court overruled his objection. (R.pp. 276-281). Nathaniel Ravenell then testified to those facts. (R.pp. 295-297). A firearms expert, Kenneth Whitler, then opined at trial that the victim was shot with either a .38 special or a .357 caliber revolver. (R.pp. 414-418). In addition to this testimony, Petitioner's cousin, Lateef Ravenell, testified that he saw Petitioner shooting a gun and that once Petitioner had shot the victim and he fell to the ground that Petitioner went over to him and just kept shooting. (R.pp. 204-205). Lateef Ravenell also testified that Petitioner asked him to tell the police that he didn't see anything. (R.p. 209). Tryone Jones testified that he saw Petitioner shoot the victim and then run off, while Jamal Crosby testified that Petitioner came to his house the night of the shooting looking for some ammonia to wash off the gunpowder from his hands. (R.pp. 243-247, 329). Crosby also testified that



Petitioner told him that he did it and that Petitioner burned the clothes he had been wearing in Crosby's backyard. (R.pp. 329-330). In addition, Stephen Youmans, Petitioner's former cell mate, testified that he heard Petitioner brag about killing the victim. (R.pp. 344-347).

Although Petitioner argues that the introduction of Nathaniel Ravenell's testimony was prejudicial, the trial court specifically held that under S.C.R.Evid. 403, any probative value of the testimony was not substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading of the jury. (R.p. 281). In addition, as argued by the State at trial, testimony regarding Petitioner's ownership of a gun did not call into question his character, since the ownership of a gun is not itself a bad act. (R.p. 281). The trial court admitted the evidence that Petitioner had earlier been seen with a firearm prior to the murder, and the South Carolina Court of Appeals found no error. Petitioner has failed to present evidence or argument sufficient to show that the state court's rejection of this claim amounts to a federal violation or resulted in prejudice so as to warrant federal habeas relief. Turner, 845 F.2d at 169 [Admissibility ruling only warrants federal habeas relief where it infringes on a constitutional right or is so prejudicial that it amounts to a denial of due process]; Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to clearly established federal law or based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; 28 U.S.C. § 2254(e)(1)[Determination of factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].[7] This claim is therefore without merit.

### III.

---

[7] With regard to Petitioner's argument concerning the 180 day rule in Ground Two, that issue has already been discussed and found to be without merit. See discussion, supra.



In Ground Three of his Petition, Petitioner argues that the trial judge abused his discretion in failing to acquit Petitioner, in violation of his 5th, 6th & 14th Amendment rights.[8]

After careful review of the state court filings and record, the undersigned finds that Petitioner did not raise this issue at trial. Because Petitioner did not properly raise and preserve this issue at trial, it is barred from further state collateral review; see State v. Johnson, 510 S.E.2d 423, 424 (S.C. 1999)[issue not preserved at trial cannot be raised for the first time on direct appeal]; cf Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though exhausted, because this issue was not pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now procedurally barred

---

[8]Petitioner presents this as an "identification" issue, in which he argues that there was not sufficient evidence to support a finding that he was the shooter. See Petition, p. 9.



11

absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989); Dorsey v. Edmonds, No. 09-199, 2010 WL 753295, * 3 (W.D.Va. March 3, 2010).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

While Petitioner appears to make a conclusory statement about ineffective assistance of PCR and trial counsel [see Memorandum in Opposition to Summary Judgment, p. 20], those arguments all appear to be directed at his discussion of the alleged violation of the 180 day rule. However, even assuming Petitioner is attempting to allege that ineffectiveness of his PCR counsel was the cause for the procedural default of this issue, this is an issue that should have been raised in his direct appeal, not his APCR. To the extent that Petitioner is intending to allege ineffective assistance of trial counsel as the cause for his procedural default, the United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, Petitioner has presented no arguments to show that his trial counsel was ineffective, other



than his conclusory statement with regard to the 180 day rule. In any event, Petitioner was identified as the shooter by a number of witnesses. There was no question about identification. Rather, the issue was the witnesses' credibility, and the record reflects that trial counsel moved for a directed verdict at the close of the State's case based on lack of credibility of the State's witnesses. Counsel's motion was denied. (R.pp. 461-463). Hence, Petitioner has failed to show ineffectiveness of counsel on this issue, and has therefore failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, this claim is procedurally barred from consideration by this Court, and should be dismissed. Id.; see 28 U.S.C. § 2254.

Additionally, even assuming arguendo that this issue was not procedurally barred, it is again not an issue cognizable for federal habeas relief. Petitioner appears to be arguing that the trial judge should have acquitted him due to issues regarding his identification as the shooter. However, as previously discussed in Ground Two, supra, multiple witnesses identified Petitioner as the shooter, Petitioner bragged about the shooting in front of his former cell-mate, and a witness also



testified about Petitioner seeking ammonia to get rid of the gun powder residue on his hands after the shooting and that Petitioner burned his clothes after the shooting. See discussion (Ground Two), supra. While Petitioner also appears to complain about the jury taking multiple votes before reaching its unanimous decision that Petitioner was guilty of murder; (R.pp. 531-535); he has not shown that this was a violation of any federal and/or constitutional right, or provided any legal support whatsoever for this assertion. Therefore, even assuming arguendo that this issue is not procedurally barred, Petitioner has not shown that he is entitled to federal habeas corpus relief on this basis.[9]

## IV.

In Ground Four of the Petition, Petitioner alleges that his trial counsel was ineffective for failing to advise him that the State had offered a twenty-year plea deal. Although the question of whether Petitioner actually raised and exhausted this issue appears a little murky, Respondent does not contest (at least for purposes of his motion) that this issue as presented in the petition (whether trial counsel was ineffective for failing to advise Petitioner that the State had offered the twenty-year plea deal) was raised in Petitioner's APCR. Therefore, the undersigned has addressed this issue on the merits.

Petitioner had the burden of proving the allegations in his APCR. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). In denying the APCR, the PCR court made findings of fact and conclusions of law in accordance with S.C. Code Ann. § 17-27-80 (1976), as amended. See Beaton v. State of South Carolina, No. 09-CP-10-6618. Specifically, the PCR judge found that: 1) trial counsel had extensive experience in the trial of serious offenses; 2)

---

[9] As previously discussed, with regard to Petitioner's argument concerning the 180 day rule in Ground Three, that issue has already been discussed and found to be without merit. See discussion, supra.



counsel conferred with Petitioner on numerous occasions; 3) trial counsel testified he had met with the Petitioner more than ten times; 4) counsel testified that Petitioner rejected an offer of twenty years for voluntary manslaughter before the first trial and again before the second trial; 5) during his conferences with the Petitioner, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, the Petitioner's version of the facts, Petitioner's constitutional rights, the possible punishments, and possible defenses or lack thereof; 6) counsel adequately conferred with the Petitioner, reviewed the discovery materials, conducted a proper investigation, and was thoroughly competent in his representation; 7) trial counsel had no control over the docket; 8) counsel's representation did not fall below an objective standard of reasonableness; 9) Petitioner failed to prove that he was prejudiced by his counsel's performance; and 10) Petitioner's complaints concerning counsel's performance were without merit. (R.pp. 590-592).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct

15



under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court with regard to the part of the issue that he raised in his state PCR appeal, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the



objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. At his PCR hearing, Petitioner did not testify about any plea offers that he received prior to trial (or lack thereof); (R.pp. 571-578); while his trial counsel testified that the State offered Petitioner a cap of twenty years on voluntary manslaughter, but that Petitioner rejected that offer. (R.pp. 579-580, 584). Counsel also testified that he discussed the element of the charge and potential defenses with the Petitioner, reviewed the discovery materials with the Petitioner, and that Petitioner made the decision to reject the plea offer which was made before both trials. (R.pp. 579-580, 584). At the conclusion of the PCR hearing, the PCR judge held that Petitioner "turned down the plea offer of 20 years for voluntary. And this is on the applicant, it's not on his lawyer. So I am denying the application . . . ." (R.p. 586). However, he did not include any specific findings referring to the plea offer in his written order (most likely because this was not an issue at the hearing).

Petitioner now contends that he did not raise this claim earlier because he was not aware of the plea offer. However, he has not explained why he did not address that issue in his PCR proceedings when it was discussed and he allegedly first became aware of it, nor has he explained his failure to file a motion to reconsider the PCR court's order when it did not contain any specific



findings regarding the plea offer.  See Rule 59(c), S.C.R.C.P. [Providing avenue for party to move to alter or amend a judgment if they believe necessary matters not addressed in original order].  On appeal, Petitioner's counsel did raise the issue of ineffective assistance of counsel for failing to *encourage* Petitioner to accept the state's twenty-year plea offer.  See Court Docket No. 31-14, p. 2.  Specifically, counsel argued that "[t]he record indicated that trial counsel did not urge petitioner to accept the plea offer, even though the offer was a favorable deal in light of the incriminating evidence which the state possessed in the case."  See Court Docket No. 31-14, p. 5.  In other words, Petitioner's entire argument on appeal related to his trial counsel's alleged failure to "urge" or "encourage" him to accept the offer, not that he had not told Petitioner about it.  See Court Docket No. 31-14, pp. 5, 7.  The South Carolina Court of Appeals denied relief on this basis.  Petitioner never argued that he was unaware of the deal, and there is no evidence in the record to support this claim that he makes for the first time in his federal habeas petition.

Petitioner has failed to present any evidence to show why he now belatedly claims for the first time in this federal habeas action that he was not aware of the plea deal.  Nor does the record provide support for this claim.  Accordingly, Petitioner has not shown any ineffective assistance of counsel with respect to the plea offer in his case.  Therefore, Petitioner has not shown that the state court's findings are unreasonable, nor has Petitioner shown that the state court's rejection of this claim was unreasonable or that he is entitled to relief on some basis not presented to the state courts.  Evans, 220 F.3d at 312; see also, (R.pp. 229-230)[Order denying direct appeal].  This claim should be dismissed.

**Conclusion**

Based on the foregoing, it is recommended that the Petitioner's motion for summary

18



judgment be **denied**, that Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

      The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 16, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

